IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-256-BO

| | | |
|---|---|---|
| CAROL ANN SIMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on the motions before the undersigned on April 25, 2019, at Edenton, North Carolina. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively applied for SSI on June 18, 2014, alleging a disability onset date of February 2, 2008. After initial denials, an Administrative Law Judge (ALJ) held a hearing at which plaintiff, her attorney, and a vocational expert appeared. Following the hearing, the ALJ issued an unfavorable decision. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date. The ALJ found plaintiff's obesity, endometrial cancer, major depression, personality disorder, asthma/chronic obstructive pulmonary disease (COPD), and anxiety to be severe impairments at step two, but found that plaintiff did not have an impairment or combination of impairments which met or equaled a Listing at step three. The ALJ found that plaintiff could perform medium work with exertional and nonexertional limitations. At step four, the ALJ found that plaintiff could not return to her past relevant work as a hairstylist but that, considering plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs which existed in significant numbers in the national economy, specifically marker, linen room attendant, and coffee maker. Thus, the ALJ found that plaintiff was not disabled from June 18, 2014, through the date of her decision. Tr. 13-22.

To be able to perform medium work, a claimant must be able lift up to fifty pounds, with frequent lifting or carrying of objects weighing up to twenty-five pounds, and be able to sit, stand,

3

or walk six out of eight hours in each day. *See* 20 C.F.R. § 416.967(c). Plaintiff testified at the hearing that she purchased a half-gallon of milk at a time and could lift and carry a ten-to-fifteen pound bag of dog food, but that she did not know if she could lift that amount on a frequent basis. Tr. 52-53. The ALJ, however, found that plaintiff would be able to frequently lift and carry objects up to twenty-five pounds over an eight-hour work day, without citing any relevant evidence for that conclusion. For example, although the ALJ mentions that plaintiff presented to her physician with normal gate and station and had normal range of motion of her extremities, none of these findings have bearing on whether plaintiff, with a body mass index of fifty as well as asthma and COPD, could lift and carry up to fifty pounds during an eight-hour work day. The ALJ simply provided no logical bridge for concluding that plaintiff could perform the exertional demands of medium work. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quotation and citation omitted).

Moreover, in addition to her morbid obesity, plaintiff had COPD and asthma. Although the record does not reflect that plaintiff's COPD was severe, plaintiff is a smoker and had to use an inhaler several times a day. Although the ALJ made reference to having considered plaintiff's morbid obesity, the decision does not reflect that she adequately considered its effects, coupled with plaintiff's asthma and COPD, on plaintiff's ability to perform work at the medium, or any, exertional level. *See* SSR 02-1p.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir.

4

1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

Light work requires a claimant to be able to lift no more than twenty-pounds at a time, with frequent lifting and carrying of objects weighing up to ten pounds. 20 C.F.R. § 416.967(b). The ALJ found plaintiff unable to perform her past relevant work as a hair stylist, which was classified as light work, because of plaintiff's nonexertional limitations. The record evidence considered by the ALJ, including plaintiff's testimony and the objective medical record, would appropriately support a finding that plaintiff could perform the exertional demands of light work. Based on plaintiff's age, education, and previous work experience, a determination that plaintiff could perform light work would result in a finding of disabled under the Medical-Vocational Guidelines. 20 C.F.R. 404 Subpart P App'x 2 Rule 202.04. Accordingly, remand would serve no purpose and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED. Defendant's motion for judgment on the pleadings [DE 24] is DENIED. The

5

decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this __9__ day of May, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE